UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mechelle Singleton,

Plaintiff,

v.

Trans Union,

Defendant.

Case No. 3:26-cv-461

ORDER

In accordance with my ruling on the record during the August 19, 2026 telephone conference, for which *pro se* Plaintiff Mechelle Singleton failed to appear, I dismiss this case with prejudice for failure to prosecute.

During the six months this case has been pending on my docket, Ms. Singleton has continuously ignored and refused to comply with the Orders of the Court, the Local Rules for the United States District Court, Northern District of Ohio, and the Federal Rules of Civil Procedure. Briefly, Ms. Singleton:

1.) Refused to participate in the planning meeting conference required by Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16.3(b)(3), and the April 2, 2026 Case Management Conference Notice, (Doc. No. 6 at 3), (*see* Doc. No. 8 at 1 n.1 (explaining that after Defendant's counsel informed Ms. Singleton of these requirements, she "stated to Trans Union that she would not be doing anything further and promptly ended the call" and refused to respond to subsequent communications from Defendant's counsel));

2.) Failed to provide Defendant's counsel with her Rule 26(a) disclosures by the June 12, 2026 deadline or even respond to Defendant's counsel's communications in violation of Rule 26 of the Federal Rules, Local Rule 26.1, and my May 14, 2026 Order, (*see* Doc. No. 10 at 1; transcript of May 14, 2026 and August 19, 2026 conferences; and Defendant's counsel's June 19, 2026 email attached as Exhibit A);

3.) Refused to appear for the July 22, 2026 telephone conference in violation of my Order, (*see* Doc. No. 10), instead responding, in full, "No, I am not. On my way somewhere[,]" when asked by my chambers whether she would be joining the July 22, 2026 conference, (*see* July 29, 2026 email attached as Exhibit B); and

4.) Failed to appear for the August 19, 2026 telephone conference in violation of my Order, despite my warning that "[s]hould Ms. Singleton fail to appear for the August 19, 2026 telephone status conference and fail to notify my chambers of her unavailability prior to the start time of that conference, adverse action will result, including, but not limited to, a contempt of court citation, dismissal of this case for failure to prosecute, or both." (Doc. No. 11).[1]

All in all, Ms. Singleton's conduct is consistent with the desire she expressed during the May 14, 2026 Case Management Conference: that she be able to settle the case without having to participate in any other aspect of the civil litigation process, including Rule 26(a) disclosures. It seems that when confronted with the reality that she must at *least* comply with the Rule 26(a) disclosure requirement before Defendant would consider mediation, she lost interest in pursuing her

[1] On July 29, 2026, Ms. Singleton was mailed a copy of this Order at the address she provided to the Court, and there is no indication that she did not actually receive it. (*See* non-document entry dated July 29, 2026).

claims and has effectively abandoned them. Therefore, I conclude dismissal for want of prosecution is appropriate.

I appreciate that dismissal under Rule 41(b) "for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (internal quotation marks and further citation omitted). But here, Ms. Singleton has engaged in such conduct by repeatedly refusing to comply with my Orders and the Rules governing civil actions in this Court, even when faced with my warning that further noncompliance would result in adverse action, including dismissal. Because Ms. Singleton has refused to participate in the most basic discovery requirements and even Court-ordered status conferences, I conclude it would be futile to impose any "lesser" sanction than dismissal. If she does not wish to proceed with this litigation, I will not force her to do so. Instead, I dismiss this action with prejudice for failure to prosecute.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge